Original

Approved: *[signature]* _____
RUSHMI BHASKARAN
Assistant United States Attorney

Before:  HONORABLE KATHARINE H. PARKER
United States Magistrate Judge
Southern District of New York

**20 MAG 12954**

------------------------------------X
                                    :
UNITED STATES OF AMERICA            :    **COMPLAINT**
                                    :
        -v.-                        :    Violations of
                                    :    21 U.S.C. § 841; 18
                                    :    U.S.C. §§ 924(c)
TOMMY PEREZ,                        :    and 2
                                    :
            Defendant.              :    COUNTIES OF
                                    :    OFFENSE:
------------------------------------X    BRONX, WESTCHESTER

SOUTHERN DISTRICT OF NEW YORK, ss.:

   MAXINE MENDEZ, being duly sworn, deposes and says that she is a Task Force Officer ("TFO") with the U.S. Drug Enforcement Administration ("DEA"), and charges as follows:

**COUNT ONE**
**(Possession with Intent to Distribute Narcotics)**

   1.   On or about December 2, 2020, in the Southern District of New York and elsewhere, TOMMY PEREZ, the defendant, intentionally and knowingly distributed and possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

   2.   The controlled substance involved in the offense was 400 grams and more of mixtures and substances containing a detectable amount of fentanyl.

   (Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A); Title 18, United States Code, Section 2.)

## COUNT TWO
### (Firearms Offense)

3.      On or about December 2, 2020, in the Southern District of New York and elsewhere, TOMMY PEREZ, the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the narcotics offense charged in Count One of this Complaint, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying and possession of a firearm.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

## COUNT THREE
### (Felon in Possession of a Firearm)

4.      On or about December 2, 2020, in the Southern District of New York and elsewhere, TOMMY PEREZ, the defendant, knowing that he had previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit, a .22 caliber Rom revolver, which previously had been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Sections 922(g)(1).)

The bases for my knowledge of the foregoing charge are, in part, as follows:

5.      I am a Task Force Officer with the DEA and an Investigator with the New York State Police Department. I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

6.      Based on my involvement in this investigation, my review of law enforcement reports and records, and my conversations with other law enforcement officers, I have learned, in substance and in part, the following, among other things:

a. On or about December 2, 2020, I and other law enforcement officers observed a particular vehicle ("Vehicle-1") driving from Yonkers to the Bronx on the Cross County Parkway. At approximately 4:55 p.m., law enforcement observed Vehicle-1 switch lanes without signaling, which is a violation of New York Vehicle and Traffic Law Section 1163-A. Based on this traffic violation, law enforcement officers conducted a traffic stop of Vehicle-1. The driver and sole occupant of Vehicle-1 was later identified as TOMMY PEREZ, the defendant.

b. A law enforcement officer ("Officer-1") approached Vehicle-1 and asked PEREZ, in substance and in part, whether PEREZ had any contraband on him. PEREZ responded, in substance and in part, that he had a "22," which based on Officer-1's training and experience, Officer-1 understood to be a .22 caliber firearm. PEREZ was then placed under arrest.

c. Law enforcement searched PEREZ incident to his arrest, and recovered .22 caliber revolver manufactured by Rom, ("Firearm-1") in the front pocket of PEREZ's sweatshirt. Firearm-1 contained approximately five rounds of ammunition, and indicates on its face that it was manufactured in Florida. Furthermore, I have learned from a Special Agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives, who is familiar with the manufacturing of firearms, that Firearm-1 was not manufactured in the State of New York. Firearm-1 is depicted below:



d. After PEREZ was placed under arrest, Officer-1 asked PEREZ whether there was any other contraband in Vehicle-1. PEREZ stated, in substance and in part, that there was "something" in a white plastic bag in Vehicle-1. PEREZ consented to the law enforcement officers searching Vehicle-1. Law enforcement

searched Vehicle-1 and found a white plastic bag ("Bag-1"), which contained a white powdery substance. Law enforcement later weighed that substance at 999 grams, and it field tested positive for fentanyl. Bag-1 is depicted below.



   e. PEREZ was provided with his *Miranda* rights, waived those rights orally and in writing, and agreed to speak with law enforcement. PEREZ also provided law enforcement with consent to search his apartment ("Apartment-1") in the Bronx. There, law enforcement found two infant formula cans (the "Cans") containing 2 kilograms of a substance that PEREZ identified as a cutting agent to mix narcotics. Based on my training and experience, I believe that the substance in the Cans to be fentanyl or heroin mixed with cutting agents.

 

   f. Law enforcement recovered paraphernalia from Apartment-1 that, based on my training and experience, is commonly used in narcotics distribution, including a money counter, a scale, and glassine bags.

4

g.  PEREZ provided law enforcement with consent to search his cell phone ("Phone-1").  Based on a preliminary review of Phone-1, law enforcement found photographs and videos of bulk currency, which based on my training and experience, are bundled in a manner consistent with how narcotics traffickers commonly bundle proceeds from narcotics sales.



h.  In his *Mirandized*, post-arrest interview, PEREZ admitted, in substance and in part, that (1) he intended to sell Firearm-1 to another person for $5,000, and (2) that he has been distributing narcotics, specifically cocaine, for approximately the last two months.

i.  I have reviewed criminal history records related to PEREZ, which show that, on or about January 2, 2001, in the United States District Court for the Southern District of New York, PEREZ was convicted of participating in a racketeering enterprise and narcotics conspiracy, which are each punishable by imprisonment for more than one year. At his December 15, 2000 sentencing for these offenses, for which PEREZ was present, PEREZ was sentenced to a 50-month term of imprisonment.

j.  Incident to PEREZ's arrest, law enforcement found a New York state identification card for "Tommy Perez," which contains a photograph that appears to be PEREZ.

WHEREFORE, I respectfully request that TOMMY PEREZ, the defendant, be imprisoned or bailed, as the case may be.

/s/
_____
MAXINE MENDEZ
Task Force Officer
U.S. Drug Enforcement Administration

Sworn to me through the transmission of this
Affidavit by reliable electronic means, pursuant to
Federal Rules of Criminal Procedure 41(d)(3) and 4.1, this
3rd day of December, 2020

*Katharine H. Parker*
_____
THE HONORABLE KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK